PFANSCHMIDT and others, Copartners, *v.* KELLY MERCANTILE Co.

(*Circuit Court, D. Minnesota.* November 15, 1887.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—WASH-BOARDS.
   A patent of a wash-board known as the "George" patent, numbered 187,842, and issued February 27, 1877, consisted of a frame of the usual shape for wash-boards and made with a corrugated zinc rubbing surface constructed of a single heavy sheet of zinc with the lower edge wrapped tube-shape, about a supporting rod. *Held,* to possess no patentable novelty over the "Heath Wash Board" patent No. 168,252, issued September 28, 1875, which was very nearly like the former, only made with two overlapping zinc plates instead of one; and as the evidence did not clearly show an invention by George prior to that by Heath, the former's patent is invalid.

2. PRACTICE IN CIVIL CASES—REHEARING—CUMULATIVE EVIDENCE.
   A motion to reopen a hearing for the admission of testimony which is merely cumulative will not be granted.

*Frackelton & Careins,* for complainants.

*W. H. Burridge* and *Warner & Lawrence,* **for defendant.**

NELSON, J. This suit is brought against the defendant for an infringement of letters patent granted to David I. George, February 27, 1877, "for improvement in wash-boards." The complainants claim to be interested in the patent and all rights of action that may have accrued for any infringement of the same. The defendant denies infringement, but relies chiefly upon the defense of want of patentable novelty in the George wash-board. A vast amount of testimony is taken. After the hearing, a motion is made by defendant to open the case and allow the deposition of several witnesses to be taken for the purpose of giving additional evidence that a wash-board, invented by Heath, to whom letters patent had been issued, was prior in time to the invention of George, and furnished all the information necessary to a skillful mechanic to construct the George wash-board. The complainants have offered testimony tending to show that the actual invention by George was older than Heath's, which evidence has been met by the defendant, so that, if the motion is granted, the additional testimony would be merely cumulative. While it might be more positive in terms upon the fact sought to be established, the case, on that account, should not be opened. I deny the motion and shall decide the controversy upon the testimony already taken.

I shall only consider the defense of want of novelty. If the Heath patent, issued September 28, 1875, is older than the George invention, in my opinion the suit must fail.

The George patent contains a single claim, viz.:

"In a wash-board, the corrugated metallic plate, B, formed of a single piece of sheet-metal, and provided at its lower end with a tubular enlargement, substantially as specified."

The patentee claims a corrugated metal sheet with a tubular enlargement made by bending and soldering the free edge at one end to the body of the sheet. In his specifications he says:

"This invention has relation to wash-boards, and it consists in a single corrugated zinc plate, inserted in the grooved sides, bars, and top piece of the frame, and supported from below by being bent around an iron clamp rod extending across the frame, which is thus effectively braced; whereby a very effective and economical wash-board is produced, as will be hereinafter more fully explained."

He then goes on in detail to describe how the frame is made, which, in general appearance, is similar to the frames of. wash-boards having wooden rubbing-surfaces, with some additional devices for conveniently holding the soap used in cleansing garments; and then says:

"Board, C, (which is a flat wooden board found at the upper end of the frame of all wash-boards,) is provided at its lower edge with a longitudinal groove, $e$, adapted to receive the upper edge of a corrugated sheet-metal plate, B, the vertical edges of which are received in longitudinal ways, $f$, found in the inner faces of the sides, $a$, of frame, A. Plate B, above alluded to, will be made of a single sheet of metal, preferably zinc, and will be corrugated, and the depressions on one of its sides will form the raised surfaces on the other. It will also be of sufficient thickness to give it the necessary rigidity for resisting strain when in use. This plate will be secured in position as follows: Its lower edge will be bent over a suitable mandrel so as to form a cylindrical tube, $g$, when its free edge is soldered to its body; and a metallic rod, C, having an enlarged head, $h$, is passed through registering perforations, $i$, in sides, $a$, and through the said tube, $g$. This being accomplished, a nut, $j$, is applied upon its screw-threaded projecting end and set up, thus drawing the sides forcibly together and clamping the corrugated plate between them, which, by this means, is held against all displacement."

In other words, if I understand the specifications, the distinctive features of this wash-board are that the rubbing-surface is made of one thick plate of corrugated zinc, fastened to the frame by fitting into serpentine-shaped grooves in the side pieces, and a groove in the top piece; and at the bottom a cylindrical tube is made by bending the plate and soldering the free edge to its body, and a rod, having a head at one end and threaded at the other, is passed through the frame and the tube. A nut is then applied and set up, and by this means the plate is firmly held in place.. In the Heath patent, No. 168,252, the claim is—

"The screw-rod, C, and corrugated zinc plates connected therewith by a lap joint, as specified in combination, with the grooved flexible frame piece, A, and cross-bars, BB, as and for the purpose specified."

This patent was issued September 28, 1875, on application made May 8, 1875. The George patent, No. 187,842, was issued February 27, 1877. Heath, in his specification, says:

"My invention relates to the construction and arrangement of parts as hereinafter described, whereby the corrugated zinc plates, which form the rubbing-surfaces of the wash-board, are secured together, and to the flexible grooved frame."

He then in detail describes his wash-board, the rubbing-surface of which consists of two plates of corrugated zinc, substantially as follows: The frame is made of a flexible wooden or metal bar bent in the shape of a frame of an ordinary wash-board; and at the sides are two grooves to receive the side edges of the plates, and at the top is one groove to re

ceive the upper edge of one plate, which extends so as to form the upper part of the wash-board. The upper ends of the zincs are confined between two parallel cross-bars secured together by rivets. The lower edge of one of the zincs is bent around a cross-rod which connects the ends of the frame piece, and is made to overlap the edge of the other zinc. This rod has a thread on one end, which adapts it to be readily removed to allow repair or substitution of zincs, and by it the zincs may be clamped more or less tightly as required.

In my opinion the only substantial difference between the two wash-boards is the use of two zinc plates for a rubbing-surface in the Heath patent, and only one in the George patent. The lap-joint in the Heath patent, made by the lower edge of one zinc being bent around the rod and overlapping the edge of the other zinc, forms a tubular enlargement at the bottom of the rubbing-surfaces; perhaps not as solid and firm as in the George patent, but still a tubular enlargement performing substantially the same function. The structure of the boards is substantially the same, and I do not see that there is any difference in the two boards with the exception of the rubbing-surfaces. If Heath is the prior inventor in view of the state of the art, it cannot be said that there is patentable novelty in George's invention. It required only mechanical skill, and very little of that, to determine that, if thick zinc could be obtained, one plate would serve the purpose of a rubbing-surface as well as two. All that George did was to make a wash-board with one plate instead of two, and solder the free edge of the lower end, after being bent over a rod, to the body of the plate. After Heath's patent there was no invention in thus constructing a wash-board. The file wrapper and contents show that on the application of George his broad claims were rejected for the reason that Heath had already anticipated them, and it was only after repeated efforts that he was granted a patent; and his original claims presented were all rejected for the reason that they were met by patents of Minor & Merrick, No. 22,087, and Heath, No. 168,252. I think the single plate used by George is the equivalent of the two plates used in the Heath patent. The Heath patent antedates that of the complainant, George; but counsel urge that George made a wash-board with a single plate of thin zinc, in September, 1874, which he found not serviceable, and good for nothing. The proof to establish the fact that he constructed a wash-board with one zinc plate for a rubbing-surface is not satisfactory. It is not cogent and clear, but is uncertain and conflicting, and does not carry conviction to my mind of its truth.

Taking all the testimony submitted, I am of the opinion that the invention by Heath was prior in time to the construction of a wash-board by George as is claimed. Decree for defendant.